IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ARTHUR GLENN ANDERSON, #107331 )
)
    Plaintiff, )
)
vs. )   CIVIL ACTION NO. 2:06cv439-WKW
)
GWENDOLYN C. MOSLEY, et al., )
)
    Defendants. )

## SPECIAL REPORT AND ANSWER

COME NOW the Defendants, Gwendolyn Mosley, Tyrone Barrow, Brian Mitchell and Richard F. Allen, by and through undersigned counsel in the above-styled action, and file their Special Report and Answer pursuant to the May 19, 2006 Order of this Honorable Court. The Defendants state as follows:

## PLAINTIFF'S ALLEGATIONS

The Plaintiff alleges that the Defendants violated his due process rights and "blackmail[ed]" him by making him take a program which he "was not court ordered to take". Plaintiff further alleges that he has been denied parole four times because "Administration" reports that he has refused to take an 8 week SAP[P].

## DEFENDANTS

1.    Gwendolyn Mosley, Warden III
       Easterling Correctional Facility
       200 Wallace Drive
       Clio, AL 36017

1

2. Tyrone Barrow, Classification Specialist
   Easterling Correctional Facility
   200 Wallace Drive
   Clio, AL 36017

3. Brian Mitchell, Psychological Associate II
   Easterling Correctional Facility
   200 Wallace Drive
   Clio, AL 36017

4. Richard F. Allen, Commissioner
   Alabama Department of Corrections
   301 S. Ripley Street
   P.O. Box 301501
   Montgomery, Alabama 36130-1501

## **DEFENSES**

The Defendants assert the following defenses to the Plaintiff's claims:

1. The Defendants deny each and every material allegation contained in the Plaintiff's Complaint and demand strict proof thereof.

2. The Defendants plead not guilty to the charges in the Plaintiff's Complaint.

3. The Plaintiff's complaint fails to state a claim upon which relief can be granted.

4. The Plaintiff is not entitled to any of the relief requested.

5. The Defendants plead the defense of qualified immunity and aver that any purported action taken by any of them was reasonable and in good faith with reference to clearly established law at the time of the incidents complained of by the Plaintiff.

6. The Defendants are entitled to qualified immunity and aver it is clear from the face of the complaint that the Plaintiff has not alleged specific facts indicating that any Defendant violated any clearly established constitutional right.

7. The Defendants cannot be held liable on the basis of *respondeat superior,* agency, or vicarious liability theories.

8. The Plaintiff is not entitled to any relief under 42 U.S.C. § 1983.

9. The allegations contained in the Plaintiff's Complaint against the Defendants, fails to comply with the heightened specificity requirement of Rule 8 in § 1983 cases against persons sued in their individual capacities. *See Oladeinde v. City of Birmingham,* 963 F. 2d 1481, 1485 (11th Cir. 1992); *Arnold v. Board of Educ. of Escambia County, Ala.,* 880 F. 2d 305, 309 (11th Cir. 1989).

10. The Defendants plead all applicable immunities, including but not limited to qualified, absolute, discretionary function immunity, and state agent immunity.

11. The Defendants were at all times acting under the color of state law and therefore, they are each entitled to substantive immunity.

12. The Defendants plead the general defense.

13. This Court lacks subject matter jurisdiction due to the fact that even if the Plaintiff's allegations should be proven, the allegations against these Defendants would amount to mere negligence which is not recognized as a deprivation of the Plaintiff's constitutional rights.

14. All claims of the Plaintiff against these Defendants in their official capacity are barred by the Eleventh Amendment to the United States Constitution.

15. The Defendants plead the affirmative defense that the Plaintiff's Complaint fails to contain a detailed specification and factual description of the acts and omissions alleged to render them liable to the Plaintiff.

16. The Defendants plead the affirmative defenses of contributory negligence and assumption of the risk.

17. The Defendants plead the affirmative defense of unclean hands.

18. The Defendants plead the affirmative defense that the Plaintiff has failed to mitigate his own damages.

19. The Plaintiff has failed to exhaust his administrative remedies as mandated by the Prison Litigation Reform Act amendment to 42 U.S.C. §1997e (a) and as such these claims should be dismissed.

20. The Defendants plead the affirmative defense that they are not guilty of any conduct which would justify the imposition of punitive damages against any of them and that any such award would violate the United States Constitution.

21. Pursuant to 28 U.S.C. § 1915 A, this Court is requested to screen and dismiss this case, as soon as possible, either before or after docketing, as this case is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from the Defendants who are state officers entitled to immunity as provided for in 42 U.S.C. § 1997 (e) (c).

22. The Plaintiff's claims are moot.

23. The Defendants reserve the right to raise additional defenses.

## DISCLOSURES

In accordance with the May 19, 2006 Special Report Order, the Defendants submit the following initial disclosures:

1. Attached affidavits of:

    a.   Gwendolyn Mosley, Warden III

    b.   Tyrone Barrow, Classification Specialist

    c.   Brian Mitchell, Psychological Associate II

2. The following persons may have personal knowledge of the facts relevant to the claims asserted by the Plaintiff or the defenses asserted by the Defendants:

    Gwendolyn Mosley, Warden III

    Tyrone Barrow, Classification Specialist

    Brian Mitchell, Psychological Associate II

    Plaintiff Arthur Glenn Anderson

3. Clear and legible copies of the documents relevant to claims or defenses asserted in the action are as follows:

    d.   Inmate Summary Sheet

    e.   Alabama Department of Corrections, Administrative Regulation 400, concerning Classification of Inmates

    f.   Alabama Department of Corrections, Inmate Handbook, page(s) 3-4, "Institutional Classification Unit"

    g.   Alabama Department of Corrections, Inmate Handbook, page(s) 31-32, "Parole"

## STATEMENT OF THE FACTS

The Plaintiff is an inmate within the Alabama Department of Corrections. He is currently confined at the Easterling Correctional Facility in Clio, Alabama. The Plaintiff was sentenced to

serve 15 years for Offenses against Property – Theft to run consecutively with a 15-year term for Criminal Possession of a Forged Instrument II. He was again sentenced to serve a 15-year sentence concurrent with previous sentence for Theft by Deception I. (Defendants' Exhibit d – Inmate Summary Sheet)

On January 17, 2006, inmate Anderson's Annual Progress Review was held as required by Alabama Department of Corrections regulations (Defendants' Exhibit e – Administrative Regulation 400 – Classification of Inmates) and "Inmate Anderson was told by Brian Mitchell, Psychological Associate II, that he needed ISAP (8-Week SAP)." (Defendants' Exhibit b – Affidavit of Tyrone Barrow, Classification Specialist) The recommendation for an Intensive Substance Abuse Program (ISAP) was made "based on an Alabama Board of Pardons and Paroles' Report of Investigation dated August 28, 2003. In the Details of Offense Section of the report there is an indication of drug usage." (Defendants' Exhibit c – Affidavit of Brian Mitchell, Psychological Associate II)

An 8-Week SAP is not offered at Easterling Correctional Facility and "inmate Anderson was informed that he would be considered for a transfer to a facility with an 8-week SAP when his AA/NA attendance was more consistent." (Id.)

"Inmate Anderson is not being blackmailed to attend AA/NA. He was recommended to take the program." (Defendants' Exhibit a – Affidavit of Gwendolyn Mosley) He is "not court-ordered to take an 8-Week SAP; he was informed that he would be considered. All inmates that are court-ordered will have first priority to attend the 8-Week Program." (Id.)

The decision to grant or deny parole to an inmate rests on the Parole Board, not the Alabama Department of Corrections. Inmate Anderson was made aware of this fact as it is stated

in the Alabama Department of Corrections, Inmate Handbook which specifically states "[w]hether you are ready or not for parole at the time of your parole review is a decision made only by the Parole Board, not the Department." (Defendants' Exhibit g - Alabama Department of Corrections, Inmate Handbook, page(s) 31-32, "Parole") The Inmate Handbook further advises the inmate that "[t]he Parole Board will also review your prison record, which includes your behavioral conduct, the work reports from your supervisor, program participation, and self improvement efforts you may have made." (*Id.*)

## ARGUMENT

The courts have continuously recognized that the operation of correctional institutions are, at best, a difficult assignment and that correctional officials must be given broad range in discretion and latitude in which to carry out their duties. *See Hewitt v. Helms*, 459 U.S. 460 (1983). "Prison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish*, 441 U.S. 520, 547 (1979), *Sims v. Mashburn*, 25 F. 3d 980 (11th Cir. 1994).

The United States Supreme Court has held that the United States Constitution does not confer a liberty interest in parole. *Monroe v. Thigpen*, 932 F.2d 1437, 1441 (11th Cir. 1991), citing *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979). "Applying *Greenholtz*, we have previously determined that the Alabama parole statute, Ala. Code § 15-22-26 (1975), does not confer a liberty interest in parole that is protected by the Due Process Clause because the statute provides that parole may be granted at the Board's

discretion." *Monroe* at 1441, citing *Thomas v. Sellers*, 691 F.2d 487, 488-89 (11th Cir. 1982) (per curiam). The Eleventh Circuit has also held that "the classification scheme adopted by the Alabama prisons system to determine the custody status of prisoners 'is not arbitrary and capricious, but reasonable and appropriate.'" *Monroe* at 1441, citing *Hendking v. Smith*, 781 F.2d 850, 852 (11th Cir. 1986). The classification "contains no inherent constitutional invalidity, but becomes constitutionally offensive only if 'the regulation is administered maliciously or in bad faith.'" *Monroe* at 1441, citing *Hendking* at 852, see also *Francis v. Fox*, 838 F.2d 1147, 1149-50 (11th Cir. 1988). Every action by the state that has an adverse consequence for inmates does not automatically activate a due process right. *Moody v. Daggett*, 429 U.S. 78, 88 (1976) "In *Meachum v. Fano*, 427 U.S. 215 (1976), for example, no due process protections were required upon the discretionary transfer of state prisoners to a substantially less agreeable prison, even where that transfer visited a 'grievous loss' upon the inmate. The same is true of prisoner classification and eligibility for rehabilitative programs in the federal system." *Moody* at 88.

The Plaintiff alleges that the Defendants are violating his due process rights and blackmailing him into taking AA/NA. This allegation is not true. The Alabama Department of Corrections established an administrative regulation to address classification of inmates. The current regulation is AR 400, which was enacted on November 10, 2004 and supercedes Administrative Regulations 400, dated April 10, 1985 and AR 401, dated April 3, 1985, and all changes. This regulation defines "classification" as "[t]he process of sorting inmates into groups by security level, custody, and program needs using interviews, tests, coring instruments, and behavior records as well as official court documents and reports from police and other criminal justice agencies." The regulation defines "reclassification" as [t]he process of periodically

reviewing the progress of inmates to determine what, if any, revisions should be made to the placement of inmates within a particular group as to security level, custody, and/or program." (Defendants' Exhibit e – Administrative Regulation 400 – Classification of Inmates)

The regulation states that "[t]he Classification Specialist…shall schedule annual reclassification and other reclassification (progress review) dates; [o]btain and verify all of the information used in the progress reviews; [p]rovide inmates with the information regarding all classification matters; [p]rovid[e] recommendations for assignment and treatment; and [s]erv[e] as a member of the institutional classification committee." (*Id.*) It should be noted that the Plaintiff is aware of the classification/reclassification procedure since these procedures are stated in the Alabama Department of Corrections, Inmate Handbook. (Defendants' Exhibit f - Alabama Department of Corrections, Inmate Handbook, page(s) 3-4, "Institutional Classification Unit")

The Plaintiff is bringing his claims under the provisions of 42 U.S.C. §1983. Section 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding.

42 U.S.C. §1983

This section "provides a remedy when a person acting under color of state law deprives a plaintiff of a right, privilege, or immunity secured by the Constitution, laws or treaties of the United States." *Sasser v. Alabama Department of Corrections*, 373 F.Supp.2d 1276, 1290 (M.D. Ala. 2005) "In order to establish a claim under Section 1983, a plaintiff must show a violation of a right secured by the Constitution of the United States, and also that the deprivation of that right was committed by a

person acting under color of state law." *Id.*; see *Graham v. Connor*, 490 U.S. 386, 393-94 (1989); *Cummings v. DeKalb County*, 24 F.3d 1349, 1355 (11th Cir. 1994).

In *Gardner v. Howard*, 109 F.3d 427, 429-430 (8th Cir. 1997), the Eighth Circuit held "[q]ualified immunity shields government officials from §1983 damage liability unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." (Citing *Harlow v. Fitzgerald*, 457 U.S. 800 (1982)). As the *Sasser* Court stated the threshold question is that of Eleventh Amendment immunity. *Sasser* at 1291. The Eleventh Amendment immunity "prohibits federal courts from entertaining suits by private parties against States and their agencies." *Alabama v. Pugh*, 438 U.S. 781 (1978) Neither a state nor an agency of the state may be made a defendant in any action in federal court under 42 U.S.C. § 1983. *Alabama v. Pugh*, 438 U.S. 781 (1978). There are two (2) exceptions: (1) if the State waives its immunity or (2) if Congress has abrogated the immunity of the State. *Carr v. City of Florence, Ala.*, 916 F. 2d 1521, 1524 (11th Cir. 1990). Article I, §14 of the Alabama Constitution provides "[t]hat the State of Alabama shall never be made a defendant in any court of law or equity." The Defendants have adhered to the statutory laws and to the departmental policies and procedures that govern the classification of the Plaintiff. The Defendants are barred from being sued due to Eleventh Amendment Immunity.

Wherefore these premises considered, the Defendants pray that this Honorable Court will find that the Plaintiff is not entitled to any relief and this complaint should be dismissed.

Respectfully submitted,

/s/ Kim T. Thomas
KIM T. THOMAS (THO115)
DEPUTY ATTORNEY GENERAL
GENERAL COUNSEL


/s/ Tara S. Knee
TARA S. KNEE (KNE003)
ASSISTANT ATTORNEY GENERAL
ASSISTANT GENERAL COUNSEL

**ADDRESS OF COUNSEL:**

**ALABAMA DEPARTMENT OF CORRECTIONS**
**LEGAL DIVISION**
**301 S. RIPLEY STREET**
**P.O. BOX 301501**
**MONTGOMERY, AL 36130**
**(334) 353-3881**

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing was served upon:

> Arthur Glenn Anderson
> AIS #107331
> Easterling Correctional Facility
> 200 Wallace Drive
> Clio, AL 36017

by placing a copy of same in the United States Mail, first class postage prepaid and properly addressed this the 19th day of June, 2006.

/s/ Tara S. Knee
TARA S. KNEE (KNE003)
ASSISTANT ATTORNEY GENERAL
ASSISTANT GENERAL COUNSEL

11